IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 2:19-CR-233-ALB-SMD |
| | ) |
| CEDRIC L. COBB | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   BACKGROUND

Defendant Cedric L. Cobb ("Cobb") is charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Indictment & Superseding Indictment (Docs. 1 & 23). Detective James Stewart (Det. Stewart) of the Tallassee Police Department seized the 9mm pistol giving rise to this charge during a traffic stop of Cobb's Chevrolet Tahoe SUV. Det. Stewart initiated the traffic stop because he knew Cobb was the subject of an outstanding Elmore County arrest warrant. (Gov't Ex. 1). He spotted Cobb driving the Tahoe into a gas station and pulled it over. When Det. Stewart approached the Tahoe and spoke with Cobb through the open driver's window, he smelled the distinct odor of marijuana coming from inside the vehicle. He instructed Cobb to exit the vehicle, secured him, and then proceeded to search the Tahoe. Det. Stewart discovered a loaded Taurus 9mm pistol and sixteen small bags of marijuana hidden under the cupholder in the center console.

Cobb filed a Motion to Suppress arguing that the car stop was unlawful because there was no outstanding warrant for Cobb's arrest. (Doc. 14). Cobb subsequently

amended his motion conceding that there was an outstanding arrest warrant but arguing that Det. Stewart's search of the Tahoe was unlawful because Cobb was secured and moved away from the vehicle before the search began.  (Doc. 19).  The Government responded that Det. Stewart had authority to search under the automobile exception because the Tahoe was readily mobile, and he had probable cause to believe it contained contraband.  Gov't Opp. (Doc. 18) at 3.  The undersigned held a suppression hearing, and at the hearing the Government also argued that the evidence is admissible under the inevitable discovery doctrine.  Tr. at 47.  Upon consideration of Cobbs' Motion as amended (Docs. 14 & 19), the Government's Response (Doc. 18), and the evidence and arguments presented at the suppression hearing, the undersigned Magistrate Judge recommends that Cobb's Motion to Suppress be denied.

## II.     FACTUAL FINDINGS

Det. Stewart was the only witness called at the suppression hearing, and the essential facts are undisputed.  A few nights before the stop at issue, Det. Stewart was on patrol and saw the white Tahoe parked abandoned at the Tallassee boat ramp.  Tr. at 7.  He ran the license plate, and the system showed the vehicle was registered to Cobb and that Cobb had an outstanding warrant for possession of marijuana 1st class.  Tr. at 8; Gov't Ex. 1, warrant.  The system also showed a picture of Cobb.  *Id.*

A few nights later, Det. Stewart saw the Tahoe pull into a gas station in Tallassee.  Tr. at 7, 19.  He observed Cobb exit the vehicle and recognized him from the picture.  *Id.* at 9.  He waited for Cobb to get back in the Tahoe and pull out of the gas station.  *Id.*  Det.

Stewart then initiated a traffic stop by turning on his emergency lights. *Id.* Cobb pulled into the parking lot of the Travelodge Motel and stopped. *Id.* Det. Stewart waited for backup to arrive and then approached the vehicle. Tr. at 11. Upon exiting his patrol car, Det. Stewart activated his body camera. Gov't Ex. 4, body cam video.

Det. Stewart approached the driver's window and spoke with Cobb through the open window. He smelled the odor of raw or green marijuana coming from inside the vehicle. Tr. at 11-12. Det. Stewart is an experienced narcotics officer and is very familiar with the distinct smell of marijuana in both its raw or green state and when burned or smoked. Tr. at 6. Det. Stewart did not mention the marijuana odor to Cobb or anyone else. Tr. at 22. Det. Stewart asked Cobb to exit the Tahoe, and he placed him in handcuffs, led him away from the vehicle and turned him over to another officer serving as backup. Tr. at 12.

Det. Stewart then proceeded to search the Tahoe. Tr. at 12-13. His search revealed a loaded Taurus 9mm pistol and a green Crown Royal bag containing sixteen small bags of marijuana hidden under the cup holder in the center console. *Id.*; Gov't Ex. 3, photos. Det. Stewart testified that he conducted the search because the odor of marijuana established probable cause that the Tahoe contained contraband. Tr. at 12.

### III. Legal Standard

The Fourth Amendment protects individuals from unreasonable search and seizure. *See* U.S. Const. amend. IV. When a defendant moves "to suppress evidence garnered through a *warrantless* search and seizure, the burden of proof as to the reasonableness of the search rests with the prosecution." *U.S. v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983)

3

(emphasis original). To sustain this burden, the "Government must demonstrate that the challenged action falls within one of the recognized exceptions to the warrant requirement, thereby rendering it reasonable within the meaning of the fourth amendment." *Id.*

IV. **ANALYSIS**

A. **The Traffic Stop**

The undersigned will briefly address the traffic stop although defendant now appears to concede that it was lawful. (Doc. 19) at ¶ 1. "A traffic stop is a seizure within the meaning of the Fourth Amendment." *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) (citing *Delaware v. Prouse*, 440 U.S. 648, 661 (1979)). An arrest warrant provides express authority to make a traffic stop for the purpose of executing the warrant on someone in a vehicle. *United States v. Foster*, 2018 WL 4374239, at *4-5 (M.D. Ala. 2018) (citing *United States v. Provens*, 2009 WL 10695199, at *3 (N.D. Ala. 2009) ("[l]ittle authority is required to support the conclusion that police may conduct a traffic stop for the purpose of executing an arrest warrant for someone in the car").

Here, Cobb was the subject of an Elmore County arrest warrant for possession of marijuana 1st class. Gov't Ex. 1. Det. Stewart was aware of the outstanding warrant, and he recognized Cobb as the driver of the Tahoe from his photograph in the law enforcement database. Accordingly, he was authorized to stop the Tahoe in order to arrest Cobb.

B. **The Search**

Relying on *Arizona v. Gant*, 556 U.S. 332, 351 (2009), Cobb argues that Det. Stewart's search of the Tahoe was not authorized under the search incident to arrest

exception because Cobb was handcuffed and moved away from the vehicle before the search began, and there was no reasonable belief that the Tahoe contained evidence of the crime giving rise to the warrant. (Doc. 19) at ¶¶ 3-4. The undersigned agrees. However, the Government does not rely upon the search incident to arrest exception but rather argues that the search was authorized under the automobile exception. (Doc. 18) at 3; Tr. at 4.

Under the automobile exception, an officer may conduct a warrantless search of a vehicle if (1) the vehicle is readily mobile and (2) the officer has probable cause to believe that the vehicle contains contraband or evidence of a crime. *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996); *United States v. Lanzon*, 639 F.3d 1293, 1299-1300 (11th Cir. 2011); *United States v. Watts*, 329 F.3d 1282, 1286 (11th Cir. 2003). Here, Cobb was driving the Tahoe so there is no question that the vehicle was operational, and the first element is satisfied.

Turning to the second element, probable cause exists when "under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *United States v. Smith*, 596 F. App'x 804, 807 (11th Cir. 2015) (unpublished). The Eleventh Circuit has held that when a law enforcement officer detects the odor of marijuana, probable cause is established. *Id.*; *United States v. Tobin*, 923 F.2d 1506 (1991) ("[t]here is no doubt that the agent's suspicions rose to the level of probable cause when, as the door stood open, he detected what he knew from his law enforcement experience to be the odor of marijuana").

5

Here, the undersigned finds that Det. Stewart's testimony that he smelled the distinct odor of raw or green marijuana coming from inside the Tahoe as he was speaking with Cobb through the open driver's window is credible, and it establishes probable cause for the search. Det. Stewart testified that, prior to joining the Tallassee Police Department, he was a narcotics officer with the Montgomery Police Department and was very familiar with the smell of marijuana. Tr. at 6. He had smelled marijuana on '[p]robably thousands" of occasions while working as a narcotics officer. *Id.* From this uncontested testimony, the undersigned concludes that Det. Stewart was fully capable of identifying the odor of marijuana.

When testifying, Det. Stewart had a clear recollection of the traffic stop at issue. His demeanor on the stand was confident and matter-of-fact, and his testimony concerning the stop was consistent with the body cam footage. Gov't Ex. 4, body cam video. Det. Stewart gave absolutely no indication of evasion, nervousness, exaggeration or fabrication when describing how he smelled marijuana when he first approached the Tahoe to speak with Cobb. Tr. at 12-13. He also consistently explained that this was the basis for performing the search. *Id.* Of course, this testimony is also corroborated by the fact that the Tahoe contained sixteen bags of marijuana, which would be expected to produce an odor. Gov't Ex. 3, photos.

On cross, the defense established that Det. Stewart did not contemporaneously inform Cobb when he smelled the marijuana and did not announce it over the police radio or inform his fellow officer at the scene. Tr. at 35. From this Cobb asks the court to

conclude that the Government's justification for the search is an after-the-fact fabrication. However, Det. Stewart explained that it is not his practice when performing a traffic stop to inform the subject that he suspects contraband and plans to perform a search because that might cause the subject to attack the officer or attempt to flee. Tr. at 39. He also explained that he does not announce his suspicion of drugs over the radio or at the scene because other people may be listening and that might make it difficult for the subject to later cooperate and become a confidential informant. Tr. at 38. The undersigned finds that Det. Stewart's failure to inform Cobb or anyone else that he smelled marijuana prior to performing the search does not undermine his credibility. Accordingly, the undersigned finds that Det. Stewart's search of the Tahoe was supported by probable cause and authorized under the automobile exception to the warrant requirement.

Having found that Det. Stewart smelled marijuana and that this gave him probable cause to search the Tahoe, the undersigned declines to address the independent and alternative ground that the evidence obtained during the traffic stop is admissible under the inevitable discovery doctrine.

### IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Cobb's Motion to Suppress as amended (Docs. 14 & 19) be DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before September 3, 2019**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); see *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); see also *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 19th day of August, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE